UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOSS WORLDWIDE LLC, d/b/a ALGO
ONLINE RETAIL,

                        Plaintiff,

            v.                                    C.A. No. 19-cv-2363 (VLB)

BEAU CRABILL, THOMAS CRABILL, JR.
and ALL OUT RAW LLC,

                        Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS UNDER RULES 12(B)(2) AND 12(B)(6)
OR, ALTERNATIVELY, TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)**

<u>**TABLE OF CONTENTS**</u>

INTRODUCTION ......................................................................................................1

BACKGROUND ......................................................................................................2

ARGUMENT ..........................................................................................................3

    I.      The Complaint Should Be Dismissed For Lack Of Personal
          Jurisdiction ...............................................................................................3

          A.     Legal Standard Under Rule 12(b)(2) ...........................................3

          B.     This Court Does Not Have Jurisdiction Over Defendants
                Under The New York Long-Arm Statute .....................................5

               1.     Personal Jurisdiction Over Defendants Fails Under
                      The First Prong Of New York's Long-Arm Statute ........................6

                2.     Personal Jurisdiction Over Defendants Fails Under
                      The Second Prong Of New York's Long-Arm
                      Statute ...........................................................................9

                3.     Personal Jurisdiction Over Defendants Fails Under
                      The Third Prong Of New York's Long-Arm Statute ....................10

    II.     The Complaint Should Be Dismissed For Failure to State A Claim ...................10

          A.     Legal Standard Under Rule 12(b)(6) .........................................10

          B.     The Complaint Alleges No Facts Related to Thomas Crabill
                And All Out Raw LLC...............................................................11

           C.     The Complaint Fails To State A Claim For Relief Under 17
                 U.S.C. § 512(f) ........................................................................12

                1.     The Complaint Fails To Sufficiently Allege A
                      Misrepresentation..............................................................13

                2.     The Complaint Fails To Sufficiently Allege That
                      Beau Crabill "Knowingly" Made A
                      Misrepresentation..............................................................15

    III.    Alternatively, The Complaint Should Be Transferred To The
          Western District Of Washington.............................................................16

CONCLUSION ....................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agency Rent A Car Sys. v. Grand Rent A Car Corp.*,
98 F.3d 25 (2d Cir. 1996)................................................................................7, 8

*Aquiline Capital Partners LLC v. Finarch LLC*,
861 F. Supp. 2d 378 (S.D.N.Y. 2012)..............................................................6, 7

*Arista Records, Inc. v. Mp3Board, Inc.*,
No. 00 CIV. 4660 (SHS), 2002 WL 1997918 (S.D.N.Y. Aug. 29, 2002) ...............13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................10, 11

*Atuahene v. City of Hartford*,
10 Fed. App'x 33 (2d Cir.2001)...........................................................................11

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
171 F.3d 779 (2d Cir. 1999).............................................................................9, 10

*Barricade Books, Inc. v. Langberg*,
2000 U.S. Dist. LEXIS 18279 (S.D.N.Y. Dec. 19, 2000) ......................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................10, 11, 16

*Boarding Sch. Review, LLC v. Delta Career Ed. Corp.*,
No. 11-Civ-8921, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013).........................11

*Cabell v. Zimmerman*,
No. 09 CIV. 10134(CM), 2010 WL 996007 (S.D.N.Y. Mar. 12, 2010) ............12, 16

*CutCo Indus., Inc. v. Naughton*,
806 F.2d 361 (2d Cir. 1986).................................................................................5

*DiStefano v. Carozzi N. Am., Inc.*,
286 F.3d 81 (2d Cir. 2001)................................................................................3, 4

*Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013)...................................................................................3

*Grand River Enters. Six Nations, Ltd. v. Pryor*,
425 F.3d 158, 166 (2d Cir. 2005)..........................................................................6

*Hosseinzadeh v. Klein,*
    276 F. Supp. 3d 34 (S.D.N.Y. 2017)..................................................15, 16

*Lenz v. Universal Music Corp.,*
    815 F.3d 1145 (9th Cir. 2016) ...............................................................15

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,*
    732 F.3d 161 (2d Cir. 2013)................................................................4, 6

*In re Magnetic Audiotape Antitrust Litig.,*
    334 F.3d 204 (2d Cir. 2003)....................................................................3

*Mantello v. Hall,*
    947 F. Supp. 92 (S.D.N.Y 1996) .............................................................9

*New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Europe) B.V.,*
    145 A.D.3d 16 (N.Y. App. Div. 2016) ....................................................5

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.,*
    No. 12 CIV. 2837(KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), *aff'd,*
    530 F. App'x 19 (2d Cir. 2013) .............................................................11

*PaineWebber Inc. v. WHV, Inc.,*
    No. 95 Civ. 0052 (LMM), 1995 U.S. Dist. LEXIS 6514 (S.D.N.Y. May 16
    1995) .......................................................................................................8

*Rossi v. Motion Picture Ass'n of Am. Inc.,*
    391 F.3d 1000 (9th Cir. 2004) ..........................................................15, 16

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,*
    450 F.3d 100 (2d Cir. 2006)................................................................6, 8

*V Cars, LLC v. Isr. Corp.,*
    902 F. Supp. 2d 349 (S.D.N.Y. 2012)................................................6, 17

*Whitaker v. American Telecasting, Inc.,*
    261 F.3d 196 (2d Cir. 2001)....................................................................4

**Statutes**

14 U.S.C. § 1121 ..............................................................................................16

17 U.S.C. § 101 ................................................................................................14

17 U.S.C. § 201(a) ...........................................................................................14

17 U.S.C. § 201(b) ...........................................................................................14

17 U.S.C. § 204................................................................................................14

28 U.S.C. § 1331 ..................................................................................................16

28 U.S.C. § 1338 ..................................................................................................16

28 U.S.C. § 1391 ..................................................................................................17

28 U.S.C. § 1400 ..................................................................................................17

28 U.S.C. § 1404(a) .............................................................................................16

17 U.S.C. § 512(f) ........................................................................................... *passim*

C.P.L.R. § 302(a) ...........................................................................................4, 5, 6

C.P.L.R. § 302(a)(2) ..............................................................................................9

Delaware Limited Liability Act, 6 Del. C. § 18-801 *et seq.* ..................................5

Fed. R. Civ. P. 8 ..................................................................................................11

Fed. R. Civ. P. 12(b)(2) ...............................................................................3, 9, 17

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 10, 17

## INTRODUCTION

The Complaint is defective for at least two reasons. First, it does not establish personal jurisdiction over Defendants under the New York long-arm statute. Second, it does not state a claim for misrepresentation under Section 512(f) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f)—the only cause of action in the Complaint.

Defendant All Out Raw LLC is a Washington limited liability corporation and Defendants Beau Crabill and Thomas Crabill are residents of the State of Washington. Defendants do not maintain offices in New York, do not own property in New York, and are not registered to do business in New York. Thus, the Complaint alleges that these non-domiciliaries have "transacted business" with the State of New York through Thomas Crabill's attendance at a seminar in New York, Beau Crabill's production of a webinar in New York, and both of their attendance at a few insubstantial and insignificant meetings in New York. As explained below, these barest of contacts do not meet Plaintiff's burden of showing that this Court has personal jurisdiction over Defendants.

Moreover, the Complaint includes only bare, conclusory allegations without any factual support for the claim that Beau Crabill made knowingly false misrepresentations in a DMCA takedown notice to YouTube caused by Plaintiff's posting of a corporate promotional video to YouTube. Plaintiff's asserted DMCA claim is implausible, fatally deficient, and properly dismissed under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Beau Crabill and Thomas Crabill (collectively, the "Crabills") went into business with Boss Worldwide LLC d/b/a/ ALGO Online Retail ("Plaintiff," "ALGO," or the "Company") for the purpose of teaching students how to sell products online through in-person seminars and instructional materials. (ECF No. 1 at ¶ 9.) The parties entered into an Operating Agreement, Sales Agreement and Licensing Agreement (collectively, the "Agreements") on or about April 6, 2018. (*Id.* at ¶¶ 10–14.) In the summer of 2018, the Crabills introduced Plaintiff to a freelance videographer, named Riley Potkonjak ("Potkonjak"), for purposes of creating promotional videos for Plaintiff. (*Id.* No. 1 at ¶ 25.) Potkonjak was an independent contractor for the Plaintiff. (*Id.* at ¶ 27) (stating that Potkonjak signed a W-9 tax form that was sent to Plaintiff). After shooting video footage on November 3–4, 2018, which he then edited, Potkonjak delivered a video of that footage to Plaintiff on November 9, 2018. (*Id.* at ¶¶ 29–32.)

The business relationship between Defendants and Plaintiff fell apart in or about December 2018. (*Id.* at ¶ 18.) The parties entered into settlement negotiations to terminate the Agreements on or about January 2019. (*Id.* at ¶ 19.) At some point thereafter, Plaintiff edited the video created by Potkonjak by using different music and deleting "footage from the original edit that had depicted Beau Crabill at the November event." (*Id.* at ¶¶ 31-34.) Despite never having acquired ownership of the copyright in the video from the videographer Potkonjak, Plaintiff proceeded to post the video to YouTube in late February, 2019. (*Id.* at ¶33.) On March 3, 2019, Plaintiff "received an email from YouTube.com stating that Beau Crabill had filed a takedown request pursuant to the DMCA. As a result of this takedown request, public access to the video was disabled." (*Id.* at ¶ 39.)

The Complaint alleges that Beau Crabill's "takedown notice to YouTube.com contains misrepresentations as to the ownership and copyright status" of the video (*id.* at ¶ 50), giving rise to a claim for damages under Section 512(f) of the DMCA. However, this theory is legally unsound. It also provides no basis for jurisdiction in this Court. The Complaint also claims that, pursuant to Section 512(c) of the DMCA, "Beau Crabill had to provide a statement . . . that he had 'a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner,' and that the information in the notification was accurate, under penalty of perjury." (*Id.* at ¶ 40.) As best as Plaintiff's claim can be understood, Plaintiff alleges that Beau Crabill's statement that he has a good faith belief that Plaintiff's use is not authorized by the copyright owner was inaccurate because he "knew . . . that [Plaintiff] is the rightful copyright owner" of the video sought to be taken down. (*Id.* at ¶ 43.) This theory is based on inaccurate and conclusory facts and allegations. Because the facts required for this claim simply do not exist, any amendment would be futile. Stated simply, Plaintiff has no viable cause of action, nor does it have any reason to file suit in this Court. The Complaint should be dismissed without leave to amend.

## ARGUMENT

### I. The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction

#### A. Legal Standard Under Rule 12(b)(2)

"On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). When evaluating a motion to dismiss pursuant to Rule 12(b)(2), the court may "consider[ ] materials outside the pleadings . . . without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment." *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86

(2d Cir. 2013). "Where a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citation and quotations omitted).

"In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). "If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." *Id.*; *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

New York's long-arm statute, C.P.L.R. § 302(a), provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>     (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
>     (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

**B.      This Court Does Not Have Jurisdiction Over Defendants Under The New York Long-Arm Statute**

Plaintiff states in its Complaint that All Out Raw LLC is a Washington limited liability corporation and that the Crabills are residents of the State of Washington.  (ECF No. 1 ¶¶ 2-4.)  Despite its admission that Defendants are not domiciled in New York, Plaintiff fails to invoke New York's long-arm statute—C.P.L.R. § 302(a)—in asserting this Court's jurisdiction over Defendants.  (*Id*. ¶¶ 7, 17.)  Instead, Plaintiff cobbles together several misleading claims.  (*Id*.)

For example, Plaintiff asserts that it is a New York-based business.  (*Id*.)  Although ALGO has an office in New York, ALGO is a Delaware corporation.  (*Id*. ¶ 1.)  Therefore, claims arising under the Operating Agreement—such as the covenant not to compete (ECF No. 1, Ex. A)—are governed by Delaware law.  *See* Delaware Limited Liability Act, 6 Del. C. § 18-801 *et seq*.  Moreover, contrary to Plaintiff's assertion that "the parties' relationship . . . arose from contracts with . . . New York entities" (ECF No. 1 at ¶ 7)[1], any dispute regarding the parties' relationship as members of a Delaware LLC is governed by Delaware law.  *See New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Europe) B.V*., 145 A.D.3d 16, 22, (N.Y. App. Div. 2016) ("Under the internal affairs doctrine, claims concerning the relationship between the corporation, its directors, and a shareholder are governed by the substantive law of the state . . . of incorporation").  Furthermore, the New York choice of law provisions in the Sale Agreement and License Agreement, do not, as Plaintiff suggests, "constitute a voluntary submission to personal jurisdiction" under New York's long-arm statute.  *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986).  And, to be clear, both agreements are void of any forum selection clauses.  (ECF No. 1, Exs. B and C.)

---

[1] In addition to ALGO, Asymergy Corporation is also incorporated in Delaware.  (Affidavit of Beau Crabill "Aff." at ¶ 8).

"In applying the long-arm statute, New York courts have cautioned . . . that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities." *V Cars, LLC v. Isr. Corp.*, 902 F. Supp. 2d 349, 361 (S.D.N.Y. 2012) (quoting *Aquiline Capital Partners LLC v. Finarch LLC*, 861 F. Supp. 2d 378, 387 (S.D.N.Y. 2012)). "Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact." (*Id.*) This is not one of those rare cases.

**1. Personal Jurisdiction Over Defendants Fails Under The First Prong Of New York's Long-Arm Statute**

To establish personal jurisdiction over Defendants under Section 302(a)(1), two requirements must be met: "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). If the Court concludes that the long-arm statute confers jurisdiction over Defendants, the Court must then determine whether this jurisdiction satisfies constitutional due process. *Licci*, 732 F.3d at 169–70.

A non-domiciliary transacts business under Section 302(a)(1) "when he *purposefully avails* [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) (quoting *CutCo*, 806 F.2d at 365). "Not all purposeful activity, however, constitutes a transaction of business within the meaning of Section 302(a)(1)." *Aquiline Capital Partners LLC v. Finarch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (citation and quotations omitted). "Rather, contacts with New York have been found to sustain personal jurisdiction only where a defendant's direct and personal involvement . . . on his own initiative . .

. project[ed] himself into New York to engage in a sustained and substantial transaction of business." *Id*.

Plaintiff does not allege that Defendants have purposefully availed themselves of the privilege of conducting activities in New York by maintaining offices, registering to do business, or owning property in New York. According to Plaintiff, Defendants purportedly projected themselves into New York by travelling to New York to conduct ALGO's business through: (1) "live" events; (2) "live broadcasts"; and (3) business strategy meetings. (ECF No. 1 at ¶¶ 7, 17.) Plaintiff is wrong. First, Defendants have never conducted a seminar in New York. (Aff. at ¶ 15.) Asymergy was solely responsible for Plaintiff's seminar business, and Asymergy conducted the December 2018 New York seminar—the only one that Plaintiff held while Defendants were still involved with the Company—without Defendants' involvement. (*Id*.; ECF No. 1, Ex. A.) Moreover, Beau Crabill did not attend that seminar, and Thomas Crabill attended only as an observer. (Aff. at ¶ 15.) Thomas Crabill's attendance at one seminar, in which he did not participate, is not substantial enough to confer personal jurisdiction in New York. *See Agency Rent A Car Sys. v. Grand Rent A Car Corp*., 98 F.3d 25, 29 (2d Cir. 1996) (holding that "occasional meetings in the forum state that are exploratory, unproductive or insubstantial are insufficient to establish requisite contacts with the state").

Second, Beau Crabill's "live broadcasts"/webinars did not purposefully seek the protection of New York's laws by conducting activities within the State. All Out Raw teaches its students and customers how to sell products online. (ECF No. 1 at ¶ 9; Aff. at ¶¶ 3-5.) Since Beau Crabill started his webinar business in August 2017, he has conducted over 150 webinars. (Aff. at ¶ 5.) For the first 6 months or so of the business, he did them exclusively in the State of Washington. (*Id*.) In the past 18 months, Beau Crabill has done them wherever his travels take

him, including Nevada, California, Utah, Vermont, Florida, Texas, Tennessee, Puerto Rico, Europe, Australia, and Indonesia. (*Id*.) Of those hundreds of webinars, approximately 70% were done in Washington, 10% in Nevada, and 10% in California. (*Id*.) Plaintiff has identified only one webinar that was produced in New York. (*Id*.) One out of 150 webinars is insufficient to establish the requisite contacts with New York. *See Agency Rent A Car Sys.*, 98 F.3d at 29.

Third, the Agreements were not negotiated or executed in New York. (Aff. at ¶ 8.) And the other meetings that Plaintiff identified in the Complaint, such as the Crabill's meeting with Asymergy in May 2018, Beau Crabill's meeting with Asymergy on a stopover in New York to see his friends, and Beau Crabill's lunch with Asymergy during another trip (*id.* at ¶¶ 10–12), were "minor" and "unproductive." *PaineWebber Inc. v. WHV, Inc*., No. 95 Civ. 0052 (LMM), 1995 U.S. Dist. LEXIS 6514, at *8 (S.D.N.Y. May 16 1995). None of those meetings involved contract negotiations or the signing of any contracts, and the meetings did not expand the business between the parties or with third parties. In *PaineWebber*, the Court found that the defendant's representative came to New York "only for three minor meetings" during the three-year duration of the agreement at issue. *Id.* Because those meetings "did not involve contract negotiations, no contracts were signed, and [one of the meetings] was unproductive since it did not, as planned, result in the expansion of PaineWebber's efforts to sell [defendant]," the Court granted the defendant's 12(b)(2) motion. *Id*. The same result should occur here.

But even if the Beau Crabill's infrequent and insubstantial visits were enough to "transact business" within the State of New York, Plaintiff cannot show that its claim arises from that business activity. A claim "aris[es] from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Sole Resort*, 450 F.3d at

103 (citation and quotations omitted).  Here, Plaintiff claims that Defendants have "initiat[ed] a campaign of tortious and unfair activities designed to eliminate ALGO as a competitor," including "the issuance of fraudulent DMCA takedown notices, which is the subject of this action."  (ECF No 1. at p. 1.)

The tort alleged—misrepresentation under 17 U.S.C. §512(f)—does not arise from the Thomas Crabill's attendance at the seminar, or the creation of Beau Crabill's webinars in New York, or Beau Crabill's meetings with Asymergy in New York.[2]  Rather, the tort Plaintiff alleges arises out of the Beau Crabill's communications (in Washington) with YouTube (headquartered in California), over a video that Potkonjak (a resident of Washington) created in Los Angeles, California.  (Aff. at ¶ 18.)  Accordingly, Section 302(a)(1) does not confer jurisdiction over Defendants.  *See Mantello v. Hall*, 947 F. Supp. 92, at *21 (S.D.N.Y 1996) (dismissing copyright infringement action because that tort did not arise out of defendants' transaction of business in New York.  Defendants' motion to dismiss based on lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) should therefore be granted.

### 2. Personal Jurisdiction Over Defendants Fails Under The Second Prong Of New York's Long-Arm Statute

Plaintiff does not allege that Defendants' purportedly tortious act was committed within the State of New York.  "At minimum, to qualify for jurisdiction under [C.P.L.R. § 302(a)(2)], a defendant's act or omission [must have] occurred within the state."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789-90 (2d Cir. 1999)) (citation and quotations omitted).  Here, Beau Crabill's communication to YouTube did not occur in New York.  The

---

[2] *Barricade Books, Inc. v. Langberg*, 2000 U.S. Dist. LEXIS 18279, *8-10 (S.D.N.Y. Dec. 19, 2000) (explaining that while the New York Court of Appeals has held that section 302(a)(1) is not limited to actions in contract, sections 302(a)(2) and 302(a)(3) "are considered the more appropriate provisions for tort actions").

communication occurred either in Washington (from where Beau Crabill sent the communication) or in California (where YouTube received the communication). Accordingly, Plaintiff—even if it had invoked Section 302(a)(2)—could not make a prima facie showing that personal jurisdiction over Defendants is appropriate under Section 302(a)(2).

**3.** **Personal Jurisdiction Over Defendants Fails Under the Third Prong of New York's Long-Arm Statute**

Even though Section 302(a)(3) permits jurisdiction over a defendant who commits a tort outside of the state, Plaintiff has not claimed that Defendants are subject to jurisdiction pursuant to the long-arm statute, let alone Section 302(a)(3). Nevertheless, Plaintiff does not state a tort claim for misrepresentation under the section 512(f) of the DMCA. *See infra* Section II. Therefore, jurisdiction fails under the third prong of New York's long arm statute as well.

## II. The Complaint Should Be Dismissed For Failure To State A Claim

### A. Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) mandates dismissal when a plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Dismissal is appropriate when, as here, a plaintiff fails to offer sufficient factual allegations that make its asserted claims plausible. *Twombly*, 550 U.S. at 570. The plaintiff must provide the grounds for its entitlement to relief beyond "labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A complaint

that sets forth only "naked assertion[s]" devoid of "further factual enhancement" is insufficient.

*Id.* at 557. While the Court must accept as true all material allegations in the complaint,

"threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" are not accepted as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The court is also not bound to accept as true a "legal conclusion couched as a factual allegation."

*Boarding Sch. Review, LLC v. Delta Career Ed. Corp*., No. 11-Civ-8921, 2013 WL 6670584, at

*3 (S.D.N.Y. Mar. 29, 2013) (quoting *Twombly*, 550 U.S. at 555).

### B.    The Complaint Alleges No Facts Related To Thomas Crabill And All Out Raw LLC

As a preliminary matter, the case should be dismissed with regard to Thomas Crabill and

All Out Raw because the Complaint contains no factual allegations as to either of these parties,

much less indicates how these parties knowingly made material misrepresentations in a DMCA

takedown notice that they did not themselves send.

When a complaint names multiple defendants, it must provide a plausible factual basis to

distinguish the conduct of each of the defendants. *See Atuahene v. City of Hartford*, 10 Fed.

App'x 33, 34 (2d Cir.2001) (noting that Fed. R. Civ. P. 8 "requires, at a minimum, that a

complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon

which it rests'") (citing *Ferro v. Ry. Express Agency, Inc*., 296 F.2d 847, 851 (2d Cir.1961);

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). A plaintiff cannot merely "lump[ ] all the

defendants together in each claim and provid[e] no factual basis to distinguish their conduct."

*Id. Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 CIV. 2837(KBF),

2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013).

Yet this is what Plaintiff has done here. The Complaint does not contain a single fact alleging how Thomas Crabill and/or All Out Raw took any action whatsoever on the takedown to YouTube. The extent of the allegations against these two parties is as follows: "On information and belief, Beau Crabill issued the takedown notice on his own behalf and on behalf of and in conjunction with All Out Raw and Tom Crabill." (ECF No. 1 at ¶ 42.) This is woefully inadequate to allege a cause of action against Thomas Crabill and All Out Raw under the DMCA and an amendment would be futile. The proper recourse is to dismiss the case with prejudice as to these two Defendants.

### C. The Complaint Fails To State A Claim For Relief Under 17 U.S.C. § 512(f)

Liability will be imposed under Section 512(f) of the DMCA when the defendant "knowingly materially misrepresents . . . that material or activity is infringing" and the plaintiff "is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f). Under this standard, there is no liability to any Defendant here.

The Complaint alleges that Beau Crabill materially[3] misrepresented that Plaintiff's posting of the video to YouTube infringed a copyright when he initiated a DMCA takedown of the video. (*See generally* ECF No. 1.) However, Plaintiff fails to plausibly plead two key elements of a Section 512(f) claim: (1) a misrepresentation by the defendant that material or activity is infringing; and (2) that the alleged misrepresentation was made with the defendant's actual knowledge that he is making a misrepresentation of fact. *See* 17 U.S.C. § 512(f); *Cabell v. Zimmerman*, No. 09 CIV. 10134(CM), 2010 WL 996007, at *4 (S.D.N.Y. Mar. 12, 2010).

---

[3] For purposes of this Motion, Defendants do not dispute that the alleged conduct is material. Defendants reserve the right to dispute materiality elsewhere in the proceedings.

**1.    The Complaint Fails To Sufficiently Allege A Misrepresentation**

With respect to the alleged misrepresentation, the Complaint alleges that:

- "Defendants' takedown notice to YouTube.com contains misrepresentations as to the ownership and copyright status of the Promotional Video" (*id.* at ¶ 50); and

- "Defendants did not have a good faith belief that the use of the video was not authorized by the copyright owner, because Defendants knew the video was created for [Plaintiff], paid for by [Plaintiff], and that [Plaintiff] is the rightful copyright owner" (ECF No. 1 at ¶ 43).[4]

<u>First</u>, Plaintiff's allegation in paragraph 50 of the Complaint is devoid of any factual support.  There is no allegation as to what misrepresentation Beau Crabill made in the takedown notice concerning "the ownership and copyright status of the Promotional Video."  And even if the Complaint did disclose the allegedly false statement, a claim based on a misrepresentation concerning the ownership and copyright status of a work is not a legally cognizable claim under Section 512(f) because "Section 512 only penalizes copyright holders for knowingly materially misrepresenting '***that material or activity is infringing***.'"  *Arista Records, Inc. v. Mp3Board, Inc.*, No. 00 CIV. 4660 (SHS), 2002 WL 1997918, at *15 (S.D.N.Y. Aug. 29, 2002) (quoting 17 U.S.C. § 512(f)) (emphasis added) (holding that Section 512 "does not provide a cause of action for knowingly materially misrepresenting that a service provider may be liable for hosting certain material").  Therefore, paragraph 50 of the Complaint is not factually supported or even relevant.

<u>Second</u>, Plaintiff's allegation in paragraph 43 of the Complaint that Defendants did not have a good faith belief that Plaintiff's use of the video was not authorized by the copyright owner fails to plausibly plead a misrepresentation because it is based entirely on conclusory

---

[4] The allegation in paragraph 41 of the Complaint that "Beau Crabill's takedown notice contained misrepresentations and inaccurate information, in violation of 17 U.S.C. § 512(f)" is a bald legal conclusion that the Court need not accept as true.

allegations that Plaintiff is the copyright owner of the video, which are contradicted by the allegations in the Complaint.  For example, Plaintiff alleges that "all copyrights associated with the promotional video are owned by [Plaintiff]" (ECF No.1 at ¶ 35) presumably because "the video was created for [Plaintiff], paid for by [Plaintiff], and . . . [Plaintiff] is the rightful copyright owner" (*id.* at ¶ 43).  However, there are no ***facts*** in the Complaint plausibly alleging that Plaintiff owns any copyright in the video.

In fact, when accepting the well-pleaded facts in the Complaint as true, and drawing all inferences in Plaintiff's favor, the alleged facts suggest instead that ***Potkonjak***—the videographer and editor of the video—owns the copyright to the video.  Under the Copyright Act, "[c]opyright in a work . . . vests initially in the author or authors of the work."  17 U.S.C. § 201(a).  The Complaint alleges that Potkonjak is the author of the video.  (ECF No. 1 at ¶¶ 29–31.)  Although the statute allows for a copyright to vest in a non-author/third party "[i]n the case of a work made for hire," (17 U.S.C. § 201(b)), i.e., when the work is "prepared by an employee within the scope of his or her employment," or is "specially ordered or commissioned [under certain circumstances and] the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire" (17 U.S.C. § 101), there are no facts averred in the Complaint to suggest that the video was a work made for hire or otherwise assigned to Plaintiff.  To the contrary, the Complaint alleges that Potkonjak was a W-9 independent contractor—not Plaintiff's employee.  (*See* ECF No. 1 at ¶ 27.)  The Complaint is also silent on whether Potkonjak and Plaintiff "expressly agree[d] in a written instrument signed by them that the work shall be considered a work made for hire" (17 U.S.C. § 101) and fails to allege that Potkonjak transferred his copyright ownership to Plaintiff in a signed writing (*see* 17 U.S.C.

§ 204).  Thus, accepting the allegations as true, the Complaint shows that Potkonjak—not Plaintiff—is the owner of the copyright in the video.

Notably, the Complaint also lacks any allegation that Potkonjak authorized Plaintiff to post the video on Plaintiff's YouTube page.  Since there are no facts supporting Plaintiff's allegation of copyright ownership, and no averment that Plaintiff has permission to post the video to YouTube, it follows then that there is no factual basis for Plaintiff's allegation that Beau Crabill misrepresented that Plaintiff's use of the video was not authorized by the copyright owner.  On this basis, Count I of the Complaint should be dismissed.

> **2.      The Complaint Fails To Sufficiently Allege That Beau Crabill "Knowingly" Made A Misrepresentation**

Count I should also be dismissed for the independent reason that Plaintiff fails to plausibly plead that Beau Crabill's alleged misrepresentation (whatever that may be) was made with knowledge of the statement's inaccuracy.  The Complaint alleges that "Defendants did not have a *good faith belief* that the use of the video was not authorized by the copyright owner, because Defendants knew the video was created for [Plaintiff], paid for by [Plaintiff], and that [Plaintiff] is the rightful copyright owner."  (ECF No. 1 at ¶ 43 (emphasis added).)  While the Second Circuit does not appear to have spoken on the subject, courts in this Circuit have followed Ninth Circuit precedent that hold that, in submitting a takedown notification, "a copyright holder need only form a ***subjective*** good faith belief that a use is not authorized."  *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016) (citing *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004) (emphasis added)).  "In other words, a copyright holder is not liable for misrepresentation under the DMCA if they subjectively believe the identified material infringes their copyright, even if that belief is ultimately mistaken." *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 44 (S.D.N.Y. 2017) (citing *Lenz*, 815 F.3d at 1154);

*accord Rossi*, 391 F.3d at 1005 ("A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake."). Thus, "as a prerequisite to liability under section 512(f), a defendant must have *actual knowledge* that it is making a misrepresentation of fact." *Cabell*, 2010 WL 996007, at *4 (citation omitted) (emphasis in original).

For the reasons discussed above, Beau Crabill could not *knowingly* make a material misrepresentation concerning infringement because the facts as pleaded do not support a misrepresentation in the first place. Further, Plaintiff's statement that "Defendants knew at the time they caused the takedown notice to be sent that it contained material misrepresentations" (ECF No. 1 at ¶ 52) is a formulaic recitation of the knowledge requirement that fails to meet the pleading standard. *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"). Even a quick read of the Complaint is enough to see that the allegations as to Beau Crabill's actual knowledge of the alleged misrepresentation are based upon pure speculation and a series of misleading "facts" that imply that Plaintiff is the copyright owner of the video, but which actually show that, under the law, Plaintiff is anything but. For these reasons, Count I of the Complaint should also be dismissed as to Beau Crabill.

## III. Alternatively, The Complaint Should Be Transferred To The Western District of Washington

If the Court does not dismiss for lack of personal jurisdiction or for failure to state a claim, the Court should transfer this action to the Western District of Washington. "[A] district court may transfer a civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a). The Western District of Washington has subject matter over the allegations in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338 and 14 U.S.C. § 1121 because the allegations involve violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. and arise under the

laws of the United States.  The Western District of Washington has personal jurisdiction over

Defendants because they reside in Washington, are incorporated in Washington, and are

members of a Washington limited liability corporation.  *V Cars, LLC*, 902 F. Supp. 2d at 361.

And, venue is proper in the Western District of Washington under 28 U.S.C. §§ 1391 and 1400

because a substantial part of the alleged events or omissions took place in that judicial district.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for lack of personal

jurisdiction over Defendants pursuant to Fed. R. Civ. P. 12(b)(2), and for failure to state a claim

pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, this case should be transferred to the United

States District Court for the Western District of Washington.

Dated:    May 20, 2019

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____

Kristen McCallion (KM5593)
mccallion@fr.com
Vivian Cheng  (VC6321)
cheng@fr.com
601 Lexington Avenue, 52nd Floor
New York, NY  10022
Tel: 212 765-5070
Fax: 212-258-2291

Jeremy D. Anderson
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
janderson@fr.com
Tel: 302 778-8452

*Attorneys for Defendants Beau Crabill,*
*Thomas Crabill, Jr., and All Out Raw LLC*

I hereby certify that on May 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

> Peter A. Sullivan
> FOLEY HOAG LLP
> 1301 Avenue of the Americas, 25th Floor
> New York, NY 10019
> psullivan@foleyhoag.com
>
> David A. Kluft
> FOLEY HOAG LLP
> 155 Seaport Boulevard
> Boston, MA 02210
> dkluft@foleyhoag.com

Dated:  May 20, 2019                    By: */s/Jennifer Mavronas*
                                            Jennifer Mavronas